IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SMITH, | 1:10-cv-01313-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR PLAINTIFF'S |
| vs. | FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE |
| CORCORAN CDC STATE PRISON DIVISION, et al., | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | |
| _____/ | |

Plaintiff is a former prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.

On June 29, 2010, the Court issued a case assignment notice ("Notice") and served it on Plaintiff at his last known address according to the Court's record. (Doc. 5.) The United States Postal Service returned the Notice on July 13, 2010 as undeliverable. On July 22, 2010, the Court issued an Order of Intradistrict Transfer ("Transfer Order") and served it on Plaintiff at his last known address according to the Court's record. (Doc. 6.) The United States Postal Service returned the Transfer Order on August 19, 2010 as undeliverable. On July 30, 2010, the Court issued an Order for Plaintiff to file a regular civil IFP application or pay the filing fee for this action ("IFP Order"), within thirty days, and served it on Plaintiff at his last known address according to the Court's record. (Doc. 8.) The thirty day period has expired, and Plaintiff has

not paid the filing fee, filed a regular civil IFP application, or otherwise responded to the Court's order. The United States Postal Service returned the IFP Order on August 19, 2010 as undeliverable. Plaintiff has not notified the Court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since June 25, 2010 . Plaintiff's failure to keep the Court apprised of his current address may reflect Plaintiff's lack of interest in prosecuting his case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who has not taken steps to ensure that he will receive the Court's mail. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to notify the Court of his current address that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff filed an application

to proceed in forma pauperis when he filed the complaint, indicating that he is indigent, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the Court's order of July 30, 2010, failure to apprise the Court of his current address, and failure to prosecute this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, the parties may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 9, 2010**                    /s/ **Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE